UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTYN SMITH,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>MONROE COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-01012<br><br>(MEHALCHICK, J.) |
| JUSTYN SMITH,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>MONROE COUNTY CORRECTIONAL FACILITY,<br><br>　　　　　Defendant | CIVIL ACTION NO. 3:25-CV-1347<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Plaintiff Justyn Smith has filed two *pro se* complaints alleging that the Monroe County Correctional Facility ("MCCF") is restricting his religious practice by denying him access to kosher meals. Pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 42(a), the Court will permit Smith to proceed on several claims in a consolidated complaint in cause number 3:25-CV-01012, and close the case captioned 3:25-CV-01347.

### I.　BACKGROUND

Collectively, the complaints allege as follows: Smith is a practicing Orthodox Jew incarcerated at the MCCF. "In the past," the MCCF served Smith a kosher diet after he met with a rabbi and "pass[ed] a test." However, beginning in September 2024, he was served an "alternate diet tray that does not follow kosher laws." He has repeatedly requested a kosher

diet or a common fare[1] diet but has been denied by Warden Phil Delberto and other staff. Staff responding to Smith's grievances indicated that "[w]e do not offer a kosher tray at this facility" and "[t]he alternative meal is the only other option."

In his earlier-filed complaint in cause number 3:25-CV-01012, Smith names three defendants: Monroe County, the MCCF, and Delberto, and seeks monetary, declaratory, and injunctive relief. In his later-filed complaint in caused number 3:25-cv-01347, he names only the MCCF.

**II.    28 U.S.C. § 1915A SCREENING**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[1] The term "common fare" generally refers to a diet that meets the requirements of several different faiths. *See Contant v. Lowe*, 450 F. App'x 187, 189 n.3 (3d Cir. 2011); *Jupiter v. Johnson*, No. 3:10-CV-01968, 2011 WL 4527803, at *4 (M.D. Pa. Apr. 26, 2011).

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

   A.   FIRST AMENDMENT

Although Smith does not specify a legal theory of relief, he checked boxes on both complaint forms indicating an intent to proceed under 42 U.S.C. § 1983, the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To succeed on a Section 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Smith's allegations implicate his First Amendment right to the free exercise of religion. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). The belief must be "sincerely held" and "religious in nature." *Sutton v. Rasheed*, 323 F.3d 236, 251 (3d Cir. 2003) (citations omitted). However, a regulation limiting prisoners' religious exercise is constitutional if the record shows that it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Smith's complaints support a plausible inference that the denial of kosher meals sufficiently burdens his religious practice as an Orthodox Jew to support a First Amendment claim. *See Norwood v. Strada*, 249 F. App'x 269, 271-72 (3d Cir. 2007) ("[P]rison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions in order not to unconstitutionally burden free exercise rights."). At the pleading stage, the limited record does not indicate that this denial was reasonably related to a legitimate penological interest. *See*, *e.g.*, *Wilson v. Wetzel*, No. 3:12-CV-516, 2013 WL 4812497, at *8 (M.D. Pa. Sept. 9, 2013). Thus, Smith may proceed on First Amendment claims against

5

Warden Delberto, who allegedly denied Smith's request, in his individual and official capacity.

However, Smith's First Amendment claim cannot proceed against Monroe County or the MCCF. To state a Section 1983 claim, a plaintiff must show a deprivation of a right by "a person acting under color of state law." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see* 42 U.S.C. § 1983. County jails, such as the MCCF, are not "persons" subject to suit under Section 1983. *See*, *e.g.*, *Hayward v. Monroe Cnty. Corr. Facility*, No. 3:18-CV-610, 2019 WL 407473, at *3 (M.D. Pa. Jan. 14, 2019).

As for the county, a municipality is not vicariously liable under Section 1983 for the actions of its employees, but may be responsible when a municipal policy or custom itself caused the violation in question. *Stanley v. City of Pittsburgh*, 467 F. App'x 132, 133 (3d Cir. 2012) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Thus, to state a claim against Monroe County, Smith would have to allege that the county itself was "the 'moving force' behind the injury alleged" through a "direct causal link between the municipal action and the deprivation of federal rights," showing deliberate indifference to that deprivation. *See Stanley*, 467 F. App'x at 133 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 411 (1997)). Here, Smith has not alleged facts showing that the denial of a kosher diet was directly caused by a county policy, as opposed to the discretionary decisions of the MCCF staff. Thus, Smith's First Amendment claim may proceed against Delberto only.

6

B. RLUIPA

Smith's allegations also implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[2] RLUIPA offers broader protection than the First Amendment. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015). The statute forbids the government from imposing "a substantial burden" on a prisoner's religious exercise unless the government "demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). A "government" is defined in RLUIPA as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law." 42 U.S.C. § 2000cc–5(4)(a)(iii) (emphasis added). A substantial burden under RLUIPA exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior to violate his beliefs. *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007). As with a First Amendment claim, the belief must be "sincerely held" and religious in nature. *Holt*, 574 U.S. at 360-61.

Based on the allegations described above, Smith states RLUIPA claims against Delberto (an official acting under color of state law), and the MCCF (a county "branch,

---

[2] *See Heleva v. Kramer*, 214 F. App'x 244, 247 n.2 (3d Cir. 2007) (indicating that where a plaintiff was permitted to proceed on a First Amendment claim, "the District Court should evaluate it under RLUIPA as well").

7

department, agency, [or] instrumentality"). Further, allegations that the enforcement of county jail policies imposed a substantial burden on a plaintiff's religious practice have been found sufficient to sustain RLUIPA claims against the county itself. *See, e.g.*, *Pratt v. Ott*, No. 1:20-CV-171, 2021 WL 1212587 (M.D. Pa. Mar. 31, 2021) (permitting RLUIPA claim against Lebanon County based on the hairstyle policy at the Lebanon County Correctional Facility); *McGill v. Clements*, No. 3:19-CV-01712, 2021 WL 232599, at *3 (M.D. Pa. Jan. 22, 2021) (same). Thus, Smith has plausibly asserted RLUIPA claims against all three defendants.[3]

## IV.  CONCLUSION

Where multiple cases involve common questions of law or fact, the Court may consolidate the cases or issue other just orders to avoid unnecessary cost or delay. *See* Fed. R. Civ. P. 42(a); *see also Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (a duplicative complaint can be dismissed if non-futile claims can be raised in a surviving complaint). Accordingly, the Court will (1) direct that the complaints in these two cases be consolidated into a single complaint in cause number 3:25-CV-01012; (2) permit Smith to proceed on First Amendment claims against Delberto and RLUIPA claims against all three defendants in that action; and (3) close the case captioned 3:25-CV-01347. Appropriate orders will issue in both cases.

---

[3] The Court acknowledges likely redundancy among the claims against Delberto (in his official capacity), the MCCF, and the County. Given the apparent ambiguity as to which defendant(s) are responsible for the kosher meal policy, and that the damages available may vary based on the named defendants, *see McGill*, 2021 WL 232599, at *3 n.2, no defendants are dismissed on that basis at this stage.

Dated: July 24, 2025    *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**